## Abner B. Lane, Appellant.

The *St.* of 1841, *c.* 124, § 3, which extended the provisions of *St.* 1838, *c.* 163, so
that no certificate of discharge should be granted to a debtor who, within six months
before the filing of the petition by or against him, had given a preference to a pre
existing creditor, applies to a debtor who had filed his petition for the benefit of the
latter statute before the former was enacted, and does not deprive such debtor of
any vested right.

This was an appeal from a decree of a master in chancery,
refusing the appellant a discharge under the insolvent law — *St.*
1838, *c.* 163.

On a hearing before *Putnam*, J. it appeared that the appel-
lant applied for the benefit of said statute, on the 6th of April
1841 ; that a warrant issued to a messenger on the same day,
which was executed on the next day ; that the first publication,
required by said statute, was on the 16th, and the first meeting of
creditors on the 24th of said April ; the second meeting of credi-
tors, at which the appellant applied for his discharge, was on
the 29th of May following : That on the 3d of April 1841,
the appellant made a conveyance of property, intending to give
a preference to a preëxisting creditor, being insolvent, but not

in contemplation of insolvency, or of obtaining a discharge under said statute ; being ignorant of the existence of said stat ute, but not having, at the time, reasonable cause to believe himself solvent.

Upon these facts, though it appeared that the appellant had, in all other respects, conformed to the provisions of law, the judge refused to grant him a discharge, but reserved the question for the consideration of the whole court.

The question arose under the *St.* of 1841, *c.* 124, which was in addition to the *St.* of 1838, *c.* 163, and went into operation on the 17th of April 1841. The 3d section of said *St.* of 1841 is in these words : " The provisions of said act " [*St.* 1838, *c.* 163], " are hereby so far extended, that no certificate of discharge shall be granted, or, if granted, it shall be of no effect, if a debtor, within six months before the filing of the petition by or against him, shall procure his lands, goods, moneys or chattels to be attached, sequestered, or seized on execution, or, being insolvent, or in contemplation of insolvency, shall, directly or indirectly, make any assignment, sale, transfer, or conveyance, either absolute or conditional, of any part of his estate, real or personal, intending to give a preference to a preëxisting creditor, or to any person who is or may be liable as indorser or surety for such debtor, unless said debtor shall make it appear, that at the time of making such preference he had reasonable cause to believe himself solvent," &c.

*E. R. Hoar,* for the appellant. Under *St.* 1838, *c.* 163, the appellant was entitled to his discharge ; *Gorham* v. *Stearns,* 1 Met. 366 ; and the first question is, whether § 3 of *St.* 1841, *c.* 124, is to be construed so as to give it a retrospective operation. The appellant denies that construction on these authorities : *Dash* v. *Van Kleeck,* 7 Johns. 477. *Bigelow* v. *Pritchard,* 21 Pick. 169. *Couch* v. *Jeffries,* 4 Bur. 2460. *Gillmore* v. *Shooter,* 2 Mod. 310. *Whitman* v. *Hapgood,* 10 Mass. 437.

If the statute is to be construed as retrospective, it is submitted that it is unconstitutional. The appellant had a vested right to a discharge under the *St.* of 1838. That statute was a contract between the Commonwealth and the debtor, to which his credi-

tors were parties. *Holyoke* v. *Haskins*, 5 Pick. 26. 3 Story on Constitution of U. States, §§ 1386 – 1392.

WILDE, J.   By *St.* 1841, *c.* 124, § 3, it is provided that no certificate of discharge shall be granted if a debtor, within six months before filing his petition, shall procure his goods, &c. to be attached, &c. or, being insolvent, shall make any assignment, sale, &c. of any part of his property, intending to give a preference to a preëxisting creditor, &c.

This case comes within the express words of the statute, and the statute is clearly binding on the party.   The court can have no authority to grant a certificate of discharge, against a prohibition in the statute.   It is clear, that the appellant had no vested right to a discharge, at the time of filing his petition.   Such a right could be acquired only by proving, at the time of his application for a certificate of discharge, that he had in all respects complied with the provisions of *Sts.* 1838 and 1841, by which only a right could be acquired.   The latter statute, therefore, is not to be considered a retrospective act, disturbing vested rights ; but as altogether prospective in its operation, although it might depend, in some cases, on acts done before it took effect.

But if the *St.* of 1841 had a retrospective operation in the present case, it would nevertheless be a constitutional law ; as the language of the clause in the 3d section, on which the present question depends, is clear, and can admit of but one construction.

*Certificate of discharge denied*